## LIZZIE E. LADEW

*v.*

## WILLIAM L. PAINE *et al*

MARRIED WOMEN—*execution of mortgage.* Although a woman may be induced, by such undue influence on the part of her husband as amounts to coercion, to execute and acknowledge a mortgage upon her separate property, yet, if the mortgagee is in no way a party to the wrong done to her by her husband, and she, in the presence of the mortgagee and the officer taking her acknowledgment, professes to execute the mortgage of her own free will, and thereby induces the mortgagee to give up other adequate security, she can not afterwards be allowed to insist that the mortgage was executed by her against her will, and thus defeat its enforcement.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill in chancery, brought by Lizzie E. Ladew, the wife of A. P. Ladew, seeking to set aside a mortgage given by her and her husband upon the St. Nicholas Hotel, in Bloomington, to Wm. L. Paine, to secure the payment of $518.55 and interest, mentioned in a promissory note dated October 3, 1870, and payable May 1, 1871. The property mentioned in the mortgage was the separate estate of the wife. The debt for which the note was given was the debt of George H. Ladew, the son of A. P. Ladew, and had been secured to Paine, the creditor, by a chattel mortgage upon the furniture of the hotel. This furniture, at the time of giving the chattel mortgage, was the property of George H. Ladew, and, at the time of the mortgage upon the hotel, the furniture was in the pos-

session of A. P. Ladew, who was then living in the hotel and keeping the same for the entertainment of travelers and lodgers.

The ground upon which the relief was sought was, the alleged undue influence of the husband of complainant, exercised upon his wife, with the knowledge and connivance of the defendant, Paine, by which it was claimed that complainant was compelled, against her own will, to execute the mortgage.

The mortgage was duly signed and sealed by complainant and her husband, and, by the certificate of a notary public, appeared to have been properly acknowledged by each of them. Answers and replications were filed and proofs taken. Upon final hearing upon the merits, the bill was dismissed by the circuit court, and the complainant brings the case here for review, and asks that the decree be reversed.

Messrs. HUGHES & McCART, for the plaintiff in error.

Messrs. WELDON & BENJAMIN, for the defendants in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

A majority of the court are of opinion that the decree should be affirmed.

There can be but little doubt that the complainant was, in fact, induced to execute and acknowledge this mortgage against her own will, by undue influence exerted by her husband, amounting, in substance, to coercion. A majority of the court, however, after a very careful consideration of the proofs, are of the opinion that the evidence does not show that Paine, the grantee, was in any way a party to the wrong done to Mrs. Ladew, by the conduct of her husband. The certificate of the officer taking the acknowledgment, shows that she professed to execute the mortgage of her own free will. The testimony of Paine and of Mr. Thorn (the notary public) is, that she signed and acknowledged the mortgage in the presence of Paine and the officer, and that she professed to act freely and without

restraint, and did not, at that time, in any manner, indicate that she had objections of any kind to the giving of the mortgage. She knew that Paine, in accepting this mortgage upon the hotel, was surrendering a valid chattel mortgage, which was a good and adequate security. It was her duty, then, to have notified Paine, in some way, of her unwillingness to execute the mortgage in question. Having failed to do so, and having permitted (as a majority of the court think, from the evidence,) Paine to act upon the faith that she did execute the mortgage of her own free will, she can not now be allowed to insist upon this defense as against him.

The decree of the circuit court is, therefore, affirmed.

*Decree affirmed.*

The writer of this opinion can not concur with his brethren as to one very material fact in the case. He thinks the proofs show, satisfactorily, that Paine had full notice of the improper and undue control of the husband of the complainant over her in this matter, and that he had good reason to believe, and did believe, at the time when the mortgage was signed and acknowledged by the complainant, that it was not the act of her own free will.

He also thinks that the proof shows that the act of Mrs. Ladew, in acknowledging the mortgage, was induced by the then present fear of her husband's displeasure, and that to such a degree, that it was not of her own will, and should not be regarded as her act at all, and, hence, that she ought not to be estopped thereby. As this difference of opinion relates merely to questions of fact, confined, in their influence, to this case alone, it is not perceived that any good can be accomplished by a discussion of the evidence in detail.